CENTRAL EXCHANGE BANK v. WILLIAMS. -

No. 6178.   Opinion Filed March 21, 1916.

Rehearing Denied April 5, 1916.

(156 Pac. 347.)

BANKS AND BANKING—Functions and Dealings—Liability on Draft.
Where a bank pays a draft for the use and benefit of its customer and at his instance and request, the customer cannot be heard to say, in an action brought by the bank against said customer for money paid for the use and benefit of another, that there was no liability upon the part of the customer for the reason that the draft was not accepted in writing by said customer.

(Syllabus by Hooker, C.)

*Error from County Court, Woodward County;*
*Clyde H. Wyland, Judge.*

Action by the Central Exchange Bank against O. D. Williams.  Judgment for defendant, and plaintiff brings error.  Reversed and remanded for new trial.

*D. P. Marum* and *E. R. Hastings,* for plaintiff in error.

*C. W. Herod,* for defendant in error.

Opinion by HOOKER, C.  The bank alleges that on the 27th of April, 1912, the defendant in error had on deposit with it the sum of $139.65, and that between said date and the institution of this action the said defendant

in error deposited with it the sum of $1,102.08, which made a total credit of $1,241.73 made by the defendant in error, all of which was shown upon the books of the bank, and that between the 27th of April, 1912, and the 8th day of July, 1912, it had paid out at the request of the defendant by check and drafts $1,338.71, which made a balance due by the defendant in error to the bank of $96.98. To recover this sum, the plaintiff in error filed a suit in the justice's court against the defendant in error for money paid for his use and benefit and at his instance and request.

The defendant in error admitted the deposits made by him with the bank, and admitted all of the payments by the bank were authorized save and except one draft for the sum of $93.83 drawn by one F. B. Hunter, on or about May 15, 1912, which sum had been charged by the bank to the account of the defendant in error, and it was contended in this action that the same was done without any authority and without the consent of the defendant in error and in violation of Rev. Laws 1910, secs. 4182 and 4183. As we view the record in this case, there is but one question involved, and that is a question of fact, whether the defendant in error authorized the bank to pay said draft and charge the same to him. This is not an action upon the draft; for, if the bank was authorized to pay the draft and did so, the liability accruing by virtue of the draft is at an end, and the cause of action by the bank against the defendant in error for having paid the same is for money paid for the use and benefit of the defendant in error. From the record it appears that this cause was tried and decided by the lower court upon the theory that the bank could not maintain an action to

recover money thus paid by it for the defendant in error, for which said draft was drawn, until it had been established that the defendant in error had accepted the draft in writing. For the reasons above stated, this was error.

We therefore recommend that this cause be reversed and remanded and a new trial granted to the plaintiff in error.

By the Court: It is so ordered.